UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KELVIN X. SINGLETON,**<br><br>Plaintiff,<br><br>v.<br><br>**SCOTT KERNAN, et al.,**<br><br>Defendants. | Case No.: 3:16-cv-02462-BAS-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 65)** |

Before the Court is plaintiff Kelvin X. Singleton's ("Plaintiff") motion for appointment of counsel. ECF No. 65. Plaintiff is incarcerated at the California State Prison, Sacramento, located in Represa, California. He is proceeding *pro se* and has filed a civil Complaint pursuant to 42 U.S.C. § 1983 relating to incidents occurring while incarcerated at R.J. Donovan Correctional Facility in San Diego. *See,* ECF No. 32 (First Amended Complaint); ECF No. 65 at 2.

**I. PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff asks this Court to appoint counsel from the Court's pro bono panel. ECF No. 65. He argues the Court should appoint counsel because (1) the case is

1

complex, and (2) he suffers from multiple medical issues. *Id.* at 2-4.[1] In support, Plaintiff asserts he requires counsel to adequately challenge the policies, practices, and procedures of the urinalysis practice, to complete discovery on the underlying claims of evidence tampering and forging of legal documents, as well as to ensure proper filing and trial preparation. *Id.* at 2-4.

Plaintiff also requests the Court take judicial notice of the appointment of appellate pro-bono counsel. Plaintiff's request for judicial notice is **GRANTED**.[2]

## II. DISCUSSION

### A. Legal Standard

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff fails to satisfy either factor of the *Wilborn* test.

---

[1] Page citations are to the ECF heading page numbers.
[2] The Court notes that the circumstances of appointment of appellate counsel are distinguishable from the circumstances before the Court, and that the Ninth Circuit's order affirmed the magistrate judge's denial of Plaintiff's requests for counsel in that underlying case.

### B. Likelihood of Success on the Merits

Plaintiff has not established a likelihood of success on the merits. Plaintiff's motion for appointment of counsel does not address likelihood of success and offers no evidence beyond Plaintiff's own assertions that there are "extraordinary circumstances." A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *see also, Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

Moreover, in this case the pleadings are not yet set: motions to dismiss and motions for summary judgment remain pending (ECF Nos. 36, 38, 50, 51); the District Judge granted Plaintiff's request for reconsideration of the request for preliminary injunction (ECF No. 54), but has not issued an order on the reconsideration; and this Court's report and recommendation regarding Plaintiff's request for leave to supplement his complaint (ECF No. 68) is in the period in which Plaintiff may file objections and has not yet been considered by the District Judge. As a result, it is difficult for the Court to determine the likelihood that Plaintiff will succeed on the merits.

### C. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's Complaint and other pleadings and finds that the issues he raises are not complex. The Court understands Plaintiff's claims and the relief sought. Plaintiff

has demonstrated he has a good grasp on litigation procedure, as evidenced by his pleadings, motions, and other submissions, as well as his prior history as a litigant.[3] Further, while the Court is sympathetic to Plaintiff's medical issues, there is no indication that they render him incapable of articulating his claim, which he has and continues to articulate cogently.[4]

Plaintiff also argues counsel is needed to engage in discovery. *See* ECF No. 65 at 6, ¶ 2. Assistance with discovery does not necessarily amount to exceptional circumstances. *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* prisoner "may well have fared better - particularly in the realm of discovery and the securing of expert testimony," because that is not the applicable test). Plaintiff has not demonstrated that the circumstances of discovery in this case rise to the level of exceptional circumstances warranting appointment of counsel. The second *Wilborn* factor is not satisfied.

///

---

[3] Mr. Singleton has represented himself at least four previous times in this district (*See,* Case Nos. 3:03-cv-1610-WQH-BLM; 3:95-cv-3820-BTM-LSP; 3:99-cv-2629-BTM-BEN; 3:12-cv-721-JAH-JLB); as well as at least twice in the Northern District (Case Nos. 5:02-cv-5458; 5:04-cv-869); and at least 3 times in the Central District (Case Nos. 2:09-cv-790; 2:06-cv-4531; 2:08-cv-5451). Plaintiff has also appealed rulings to the Ninth Circuit on 10 separate occasions.
[4] To the extent Plaintiff asserts he requires counsel to "monitor his programming and prison interaction" because he is fearful of being physically harmed, Plaintiff fails to provide adequate support or explanation as to how appointment of counsel would affect his programming, interactions, or ability to articulate his claims.

### III.  CONCLUSION

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated:  September 26, 2017

Hon. Nita L. Stormes
United States Magistrate Judge