UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KELVIN X. SINGLETON,

Plaintiff,

v.

SCOTT KERNAN, *et al*.

Defendants.

Case No. 16-cv-02462-BAS-NLS

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING *EX PARTE* REQUEST FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

**[ECF No. 54]**

Presently before the Court is Plaintiff Kevin Singleton's Motion for Reconsideration of its Order denying Plaintiff's *Ex Parte* Motion for Preliminary Injunction and/or Temporary Restraining Order. (ECF No. 5.) For the reasons set forth below, the Court denies the Motion for Reconsideration.

## I. BACKGROUND

### A. Factual Background

Mr. Singleton is currently incarcerated at California State Prison-Sacramento ("CAL-SAC"). (ECF No. 1.) Mr. Singleton brought suit against Defendants G. Hernandez, A. Sanchez, C. Martinez, K. Hurm, N. Beduhi, E. Garza, J. Ortiz, and T.

Boerum, all of whom are prison personnel at the R.J. Donovan Correctional Facility ("RJD"), where Plaintiff was formerly incarcerated from 2012 to 2016. (*Id.*) Mr. Singleton also brought against Scott Kernan, the Director of the California Department of Corrections and Rehabilitation ("CDCR"), and the San Diego Reference Laboratory. (*Id.*) He alleges that prison personnel at RJD retaliated against him for exercising his constitutional right to file grievances by requiring him to submit to a weekly urinalysis testing schedule and issuing false rule violation reports ("RVRs") that resulted in Plaintiff's transfer to CAL-SAC, a higher security institution, on August 25, 2016. (ECF No. 32.) Mr. Singleton claims that the weekly urinalysis is cruel and unusual punishment because he is required to expose his genitalia before male prison personnel despite his childhood abuse and religious practice. (*Id.* 18−19.) Mr. Singleton alleges that he continues to be subject to weekly testing at CAL-SAC as a result of Defendant Hernandez placing Plaintiff on the mandatory weekly urinalysis testing and that this testing is part of Defendant Kernan's policy and practices. (*Id.* at 18.)

### B.    Procedural Background

On November 25, 2016, Mr. Singleton filed an *ex parte* request for the entry of a preliminary injunction and/or temporary restraining order. (ECF No. 4.) Mr. Singleton sought immediate injunctive relief "requesting the Court order Defendants to cease and desist in demanding a [urinalysis] weekly from Plaintiff and order blood testing from the medical personnel." (*Id.* at 2.)

On January 13, 2017, this Court denied Mr. Singleton's request, finding that: (1) service had not yet been effected on the Defendants and therefore the Court had no personal jurisdiction over any Defendant at the time; (2) Plaintiff was no longer housed at the institution where most of the Defendants were alleged to be employed, there were no facts to show that those Defendants played any role in Plaintiff's current conditions of confinement, and there were insufficient allegations as to Defendant Kernan's personal awareness of the weekly urinalysis tests or his role in

deciding whether they must continue; and (3) even if the Court had personal jurisdiction over the Defendants he sought to enjoin, Plaintiff failed to establish the imminent irreparable harm required to support a preliminary injunction. (ECF No. 5 at 6−7.) On this last point, the Court determined that "[t]he Court finds Plaintiff's conclusory assertions of future incidents of potential retaliation 'conjectural' and thus insufficient to make the required showing to justify injunctive relief." (*Id.* at 7.)

On March 21, 2017, Mr. Singleton filed the present Motion for Reconsideration. (ECF No. 54.) Defendants have not responded to Plaintiff's Motion.

## II. DISCUSSION

### A. The Motion for Reconsideration is Untimely

As an initial matter, Mr. Singleton's motion for reconsideration is not timely under the Local Rules. Local Rule 7.1(i)(2) requires that any motion or application for reconsideration must be filed within twenty-eight days after the entry of the ruling sought to be reconsidered. Civ. L.R. 7.1(i)(2). Mr. Singleton's motion for reconsideration was submitted 63 days after the Court's denial of the preliminary injunction. This is grounds for denial of the motion for reconsideration. The Court will nevertheless consider the merits of the motion.

### B. The Motion for Reconsideration Fails on the Merits

#### 1. Applicable Legal Standards

##### a. Motion for Reconsideration

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). On a motion to reconsider, relief should be granted only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). In order to succeed on a motion to reconsider,

a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled. *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

### b. Preliminary Injunction

A preliminary injunction is an extraordinary relief and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

## 2. Analysis

The Court finds that Mr. Singleton has failed to make a clear showing in his Motion for Reconsideration that he is entitled to the injunctive relief he seeks.

Mr. Singleton has not argued that the Court committed error or that there has been an intervening change in the controlling law. Rather, the sole basis for Mr. Singleton's Motion for Reconsideration is "new information." (ECF No. 54 at 1.) Newly discovered evidence may serve as a basis for a motion for reconsideration. *School Dist. No. 1J, Multnomah County*, 5 F.3d at 1263. The purportedly new information Mr. Singleton raises in his Motion for Reconsideration is that (1) the Defendants have been placed on notice; (2) the Defendants' act(s) are still playing a role in Plaintiff's current condition of confinement; (3) the Defendant Director is "well aware" of the weekly testing and plays a role in deciding whether the weekly testing continues; and (4) the Plaintiff is in imminent irreparable harm. (*Id.* at 1.) Even assuming that this information warrants a reconsideration of this Court's prior denial of Mr. Singleton's request for a preliminary injunction, Mr. Singleton still fails to meet his burden of clearly showing he will suffer irreparable harm in the absence of injunctive relief.

Irreparable harm has been described as "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." *See* 11A Wright & Miller, FED. PRAC. & PROC. §2948.1 (3d ed.). Because the conduct at issue in this case concerns alleged past violations of the law by government actors or agencies, Mr. Singleton is required to establish the threat of future or repeated injury that is both "real and immediate," not merely "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Where a plaintiff fails to demonstrate a likelihood of irreparable harm without preliminary relief, the court need not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011). Mr. Singleton's failure to show irreparable harm forecloses injunctive relief at this time.

First, Mr. Singleton asserts that he has now shown an imminent irreparable harm because "a violent incident almost occurred" in which an officer threatened to body slam him. (ECF No. 54 at 4.) Not only is this an assertion of hypothetical harm that did not occur, Plaintiff fails to explain how it is any way related to the alleged conduct and claims at issue in this suit. A district court lacks authority to issue injunctive relief where there is neither a relationship, nor a sufficient nexus between the injury claimed in the motion for injunctive relief and the conduct or claims asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The Court therefore rejects Mr. Singleton's reliance on this incident.

Second, Mr. Singleton asserts that the issuance of approximately twenty RVRs in less than seven months against him while Defendant Kernan is the warden of the prison where Mr. Singleton is located has caused irreparable harm. (ECF No. 54 at 4.) Mr. Singleton asserts that these RVRs have resulted in the forfeiture of Plaintiff's good-time work credits and denial of privileges other prisoners receive. (*Id.* at 4−5.) Mr. Singleton explicitly attributes these RVRs and their resulting negative consequences to the past allegedly retaliatory actions of Defendants Martinez, Hernandez, and Sanchez. (*Id.* at 4.) Not only are Mr. Singleton's allegations once again premised on wholly past conduct, they speculatively attribute harms at Mr. Singleton's current facility to prison personnel located at another facility. Mr. Singleton otherwise offers no specific and non-speculative evidence regarding Defendant Kernan's conduct. Accordingly, Mr. Singleton fails to show a threat of future injury or a repetition of injury against him attributable to these Defendants.

Lastly, Mr. Singleton asserts that being subject to weekly urinalysis has caused him to suffer mental health issues related to childhood abuse because he is strip searched and his genitals are exposed. (*Id.* at 3.) At the preliminary stage of the case, these unsubstantiated allegations are insufficient to establish that Mr. Singleton faces immediate irreparable injury in the absence of extraordinary injunctive relief.

*Winter*, 555 U.S. at 20.

## III.   CONCLUSION & ORDER

For the foregoing reasons, Mr. Singleton's Motion for Reconsideration (ECF No. 54) is **HEREBY DENIED.**

**IT IS SO ORDERED.**

**DATED:  October 31, 2017**

**Hon. Cynthia Bashant**
**United States District Judge**

16cv2462