KELVIN X. SINGLETON
100 PRISON ROAD
REPRESA, CALIFORNIA 95671

IN PRO PER.

FILED
Apr 9 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ julieh  DEPUTY

NUNC PRO TUNC
Apr 4 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KELVIN X. SINGLETON
           PLAINTIFF

v.

SCOTT KERNAN et al.,
           DEFENDANTS

CASE NO. 3:16CV-02462-BAS-NLS

PLAINTIFF'S EX-PARTE
REQUEST FOR A
IN-CAMERA REVIEW

Plaintiff move the Honorable Court In Ex-Parte for a In-Camera Review of Matters In Discovery Relevant to the Case. This Request Is Based on Defendant Hernandez Declaration In Support of "Privilege Log" Attached hereto and Plaintiff's Attached Declaration In Support of this Motion.

### INTRODUCTION

Defendant Hernandez has submitted a declaration claiming that "Official-Information Privilege" with regards to a "Probable Cause" Memorandum to strip-search Plaintiff's Brother on August 10, 2014, in Search For Drugs and a August

1

3, 2014, secret "Confidential" Memorandum claiming Plaintiff is trafficking drugs through visits and is a "Hoova Crip" Gang Member. (Appx. P.2:3-11).

This is a retaliation case against ranking prison officials. Defendant Hernandez is well informed with citing California Code of Regulations, Title 15, §3321 (a)(1)&(2) for the purpose of claiming this information is related to "a gang affiliated drug smuggling ring at RJD..." However, Defendant Hernandez chose to not cite in the same section of this code that "uses of specific confidential material" (3321(b)) requires "The documentation given to the inmate shall include:

(A) The fact that the information came from a confidential source.

(B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source is not disclosed.

(Id.) Plaintiff informs the Court this information will be provided on a CDCR-1030 form. (Pl's Declaration at 1) Defendants never gave Plaintiff any document of a sort as the Regulation requires. (Id at Pl's Decl at 2), and it was until Plaintiff transferred to CSP-Sacramento during a U/A RVR hearing that he discovered this "secret" Memorandum, told to Plaintiff by Lieutenant Couch. (Id. at 3) It is Plaintiff's position that this Lieutenant possibly thought Plaintiff was aware of this document through the CDCR-1030 form because this is procedure. Absent following the standard procedure, it is a farce and retaliation.

Because it is the Declaration of Lieutenant

-2-

and not a Captain, CCIII or higher, as required by the regulation, the Court should look at defendants argument with disbelief and skepticism. (Id at 4 of Pl's Decl.) This detrimental type of information secretly placed in Plaintiff's file" has already caused harm to has chance for a "early medical parole" and Proposition 57. (Id. at 5).

## CONCLUSION

Wherefore, Plaintiff REQUEST The Honorable Court REVIEW IN-CAMERA the EVIDENCE and ORDER Defendants to provide the evidence in full or redact as much information the Court deems appropriate.

Date: March 26, 2018

/S/ _____
Kelvin X. Singleton

V PLAINTIFF REQUEST FROM THE COURT THE REVIEW OF AN ADDITIONAL SECRET MEMO PLACED IN HIS C-FILE NOT AUTHORIZED BY A CAPTAIN OR HIGHER CLAIMING HE WAS PART OF A MUSLIM PRISON GANG — This issue has been fully exhausted on appeal and was also written in retaliation.

3

CASE NO. 3:16cv-02462-BAS

## Declaration of Kelvin X. Singleton

I, Kelvin X. Singleton, hereby declare and say that this declaration is in support of the request for In-Camera Review and that the factual testimony here in I am well aware and is able to testify to such if called upon. I further attest and say that:

1. Anytime documents are to be put in my Central File staff is required to provide a copy for person. This is part of due process should I want to challenge what staff is placing in my file. However, anything dealing with "confidential" source(s), there is a standard CDCR 1030 for that I was suppose to receive from staff at Donovan but I didn't find this information in question over 2 years later. The California Code of Regulations §3321(b) states such;

2. Defendants did not provide me with the 1030 form and to not notify me caused the time constraints to appeal such information to lapse thus this false information remains in my Central File (C-File);

3. I learned about this "secret memo" by happenstance during a RVR hearing. Lt. Couch mentioned during the hearing that I was trafficing drugs through visiting at Donovan. When I questioned him he read of of the Memo. I was dumbfounded because it wasn't true and I was not notified;

4. Any usage of a "Confidential" source in which information is placed in my C-File must be

1

1  reviewed and signed by a CCIII, Captain or
2  higher. I do not believe a 1030 was signed by a
3  Captain regarding the Confidential Information is be-
4  cause there was no leads/corroboration of the in-
5  formation to support issuing any type of investigation.
6  The Court should be aware of how CDCR source staff mem-
7  bers will attempt to furnish a Person Program by
8  manufacturing false evidence, put things in the
9  C-File with knowledge that the Parole Board will re-
10  view the Contents. To review my C-File a Person can
11  obviously see that no pattern exist as to suggest
12  I am a Part of a drug trafficking circle and so
13  the Court should review this document.

14      5. This memo written August 2014 has caused
15  havoc by the inability to get Prop. 57 relief because
16  of the contents in this memo. I would also ask that
17  reviewing a "Warrant/Probable Cause" to strip search
18  my brother is available because they coerced him
19  into signing a waiver after he was searched. They
20  (visiting staff) told him he could get a copy of
21  the warrant from the Lieutenant or the Sheriff's
22  Office. He wasn't able to get a copy from either
23  place.

24  Wherefore, I declare under the penalty of perjury
25  that the foregoing is true and correct this 26th
26  day of March, 2018

27                                  /s/ Kelvin X Singleton
28                                  KELVIN X. SINGLETON

                    2

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, __Kelvin X. Singleton__, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

__K. Singleton__
__100 Prison Road__
__Represa, CA.__
__95671__

On, __April 2, 2018__, I served the following documents:

__Informal Request For Discovery, Request For Admissions, Ex-Parte Request For Subpoena Duces Tecum, Ex-Parte Request For In-Camera Review & Declaration In Support__

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. U.S. District Court
333 W. Broadway, Ste 420
San Diego, CA. 92101

2. Christopher Findley, ESQ
600 West Broadway, Ste 1800
San Diego, CA. 92101

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this __2nd__ day of __April__, __2018__, at California State Prison - Sacramento, Represa, California.

(Signature) __K. X. Singleton__



