# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, *et al*.<br><br>　　　　　　　Defendants. | Case No. 16-cv-02462-BAS-NLS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND RECONSIDERATION OF ORDER DISMISSING FORMER DEFENDANT**<br><br>**[ECF No. 107]** |

Presently before the Court is a motion filed by Plaintiff Kelvin Singleton which seeks (1) appointment of counsel and (2) leave to file a third amended complaint to add San Diego Reference Laboratory ("SDRL") as a defendant once more or, in the alternative, reconsideration of dismissal of SDRL. (ECF No. 107.) For the reasons herein, the Court denies both of Plaintiff's requests.

## I.　BACKGROUND

Plaintiff Singleton is incarcerated at the California State Prison-Sacramento, located in Represa, California. On September 29, 2016, he filed a Section 1983 case related to events that occurred while he was incarcerated at the R.J. Donovan

Correctional Facility ("RJD") in San Diego, California. (ECF No. 1.) He sought leave to amend the complaint to add SDRL as a defendant, which this Court granted. (ECF Nos. 8, 29.) A First Amended Complaint ("FAC") was subsequently filed. (ECF No. 32.)

In the FAC, Plaintiff alleged that false rule violation reports were issued against him after he spoke out against RJD officers, and that after he asserted the reports were false, he was subjected to retaliation and a larger conspiracy by RJD officials and the SDRL. (*Id*.) Plaintiff's specific allegations against SDRL concerned a June 5, 2015 toxicology report from the lab concerning a urinalysis test of a sample from him, which he claimed lacked a collector's I.D. number and had information crossed out. (*Id.* at 12.) He alleged that he sent multiple letters to SDRL regarding these issues to which SDLR did not respond and, based on the non-response, "the lab conspired with the named defendants to retaliate" against him "by concealing information." (*Id*.) SDRL moved for dismissal and summary judgment on Plaintiff's claims against it. (ECF Nos. 50–51.)

On December 15, 2017, Judge Stormes issued a Report and Recommendation (R&R), which included a recommendation to grant dismissal of SDRL on the ground that Plaintiff had failed to sufficiently plead SDRL's involvement in a conspiracy under Section 1983. (ECF No. 85 at 27–29.) Judge Stormes observed that: (1) the allegations in Plaintiff's FAC regarding SDRL differed significantly from the allegations he proposed when he sought leave to amend his initial complaint to add SDRL; (2) SDRL's toxicology report alerted Plaintiff to the very issues with Plaintiff now alleges show falsification; and (3) SDRL's failure to respond to his letters did not give rise to an inference of an agreement between SDRL and the RJD officers to engage in a conspiracy. (*Id*.) Judge Stormes recommended dismissal without leave to amend because Plaintiff had already been provided leave to amend specifically to add SDRL as a defendant, the allegations he added failed to state a claim, and any further amendment would delay the progress of the case given Plaintiff's repeated

amendments to his pleadings. (*Id.* at 30.) Plaintiff objected to the recommendation on the ground that he could not know if an identification I.D. was withheld from the SDRL "absent any discovery" and that SDRL's failure to respond to his letters could show a meeting of the minds sufficient to allege a conspiracy. (ECF No. 88 at 6.) This Court overruled Plaintiff's objection to the R&R and adopted the R&R's recommendation to dismiss SDRL without leave to amend. (ECF No. 89 at 13–14.) Plaintiff appealed the dismissal of SDRL among other issues resolved in the Court's adoption of the R&R (ECF No. 91), which the Ninth Circuit dismissed on March 28, 2018 for lack of jurisdiction (EF No. 101). Plaintiff now seeks reconsideration of SDRL's dismissal.

Throughout the litigation, Plaintiff has filed various motions for appointment of counsel. He initially moved for appointment of counsel on August 28, 2017. (ECF No. 65.) On September 26, 2017, Judge Stormes denied Plaintiff's request because he failed to show the "exceptional circumstances" required to permit appointment of counsel under 28 U.S.C. §1915(e)(1). (ECF No. 70.) Singleton filed a motion for reconsideration of the denial of his first motion for appointment of counsel on October 10, 2017. (ECF No. 83.) This Court construed the motion as an objection to Judge Stormes's denial and overruled it on the ground that there was no clear error. (ECF No. 87.) Plaintiff now moves again for appointment of counsel.

**II.    DISCUSSION**

    **A.    Reconsideration of Dismissal of SDRL Without Leave to Amend**

Plaintiff requests that the Court reconsider its decision to dismiss SDRL as a defendant without leave to amend. (ECF No. 107.) The Court finds that Plaintiff has failed to make a sufficient showing that the Court should permit him leave to amend.

Normally, a court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In assessing when leave to amend should be provided, courts consider five factors: (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether plaintiff has previously amended her complaint.

*Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). But on a motion to reconsider, these considerations are filtered through a more restrictive standard. On a motion for reconsideration, relief should be granted only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Ct.y v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff's motion for reconsideration is premised on new evidence. He asserts that a "new revelation stated by a defendant has implicated the SDRL in th[e] retaliatory scheme." (*Id.* at 3.) This "new revelation" from "the mountainous documents proffered by Defendants" is Defendant Sanchez's statement that "[a]nother clerical error which was noted on the toxicology report was the date collected 5-3-16. This is an error on the laboratory . . ." (*Id.* at 4 (as quoted by Plaintiff in his motion).) Plaintiff asserts that if Sanchez can make this observation about the SDRL report, "a jury can infer something was/is amiss between the prison and lab." (*Id.*) He claims there were "entirely too many 'errors' in this report in which Plaintiff was found guilty to say a conspiracy to retaliate did not exist." (*Id.*) The Court finds that this "new evidence" is insufficient to meet the standard for a favorable reconsideration of the Court's prior dismissal of SDRL and fails on the merits.

As an initial matter, Plaintiff has failed to present evidence of a "strongly convincing nature" to persuade the Court to reconsider its dismissal of SDRL without leave to amend. Plaintiff concedes that he has been provided with substantial discovery from Defendants. Yet his request is premised on a single characterization from Defendant Sanchez about the toxicology report received from SDRL. When this Court dismissed SDRL without leave to amend, the Court specifically noted Plaintiff's objection that he needed discovery to show why SDRL was a part of the alleged conspiracy against him and found that it was "unavailing." (ECF No. 13.) Even with the discovery provided to him, Plaintiff has identified only the slenderest of factual reeds to support his claim that he should be permitted to name SDRL as a defendant once more. This cannot support a request for reconsideration.

Even considering the "new revelation," it fails to overcome the reasoning underlying dismissal of SDRL. This Court advised Plaintiff of the pleading standards for such a claim when initially permitting him leave to amend his pleadings to add SDRL. (ECF No. 29 at 3.) In relevant part, a plaintiff must plead the existence of an express or implied agreement to deprive plaintiff of his constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (citations omitted); *see Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). With respect to a private actor like SDRL, there must be allegations showing that it "willfully participate[d] in joint action with state officials to deprive others of constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989).

Under this standard, the clerical error Plaintiff points to here is an insufficient basis to make plausible his claim that SDRL was involved in a conspiracy against him. A clerical error, without more, is by its nature an unintentional error. It is evident from Defendant Sanchez's report, attached as an appendix to Plaintiff's motion, that the error stemmed from SDRL entering the collection date as the date it received Plaintiff's urine sample. This sort of error simply does not give rise to the inference of SDRL's involvement in a conspiracy because it does not plausibly show

*willful* participation by SDRL.  *See, e.g., Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999) ("[T]he plaintiff must establish some . . . nexus sufficient to make it fair to attribute liability to the private entity as a governmental actor."); *Tanasescu v. State Bar of Cal.*, No. SACV 11-00700-CJC (MAN), 2012 WL 1401294, at *19 (C.D. Cal. Mar. 26, 2012) (dismissing Section 1983 claim against private actor when there were no allegations of the requisite willful participation to bring a conspiracy claim).  Moreover, to the extent Plaintiff claims that Defendant Sanchez's *characterization* of SDRL's conduct makes Plaintiff's rejected conspiracy claim against SDRL plausible, he is wrong.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").  Here, Plaintiff relies on Defendant Sanchez's characterization to create a mere suspicion of wrongful conduct by SDRL; this is not a proper basis for bringing a private actor with no plausible involvement in the alleged conspiracy into Plaintiff's Section 1983 litigation against the RJD officers.

Plaintiff also asserts that there were "too many errors" in the report such that there could be nothing else but a conspiracy.  Plaintiff is ostensibly referring to SDRL's observation in its report that the sample it received for Plaintiff was in a damaged condition and its label was missing information.  (ECF No. 85 at 29.)  To the extent Plaintiff contends that the clerical error moves his conspiracy claim against SDRL past the point of conceivability to plausibility when taken in tandem with the other issues with his urine sample, the Court rejects this argument.

The problem for Plaintiff is that the Court has already addressed the plausibility of Plaintiff's conspiracy claim against SDRL based on these issues. "Motions for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly' or to reiterate arguments previously raised." *Garber v. Embry-Riddle Aeronautical Univ.*, 259 F. Supp. 2d 979, 982 (D. Ariz. 2003) (quoting *In re Agric. Research & Tech. Group*, 916 F.2d

528, 542 (9th Cir. 1990)); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). As Judge Stormes expressly observed, it was SDRL's toxicology report that identified various issues with the urine sample it received for Plaintiff from RJD, on which Plaintiff relies for allegations of falsity. (*Id.*) Judge Stormes determined that Plaintiff's allegations only showed tampering with the sample between the time Plaintiff provided the sample and when SDRL received it, which "do[es] not give rise to an inference of any agreement between the named Defendants and SDRL." (*Id.*) Because Plaintiff's reliance on the clerical error does not make his claim against SDRL plausible, Plaintiff is left with nothing more than requesting that the Court reconsider what it has already decided with respect to these other "errors". The Court will not do so. As the Court has already advised Plaintiff, "complaints cannot be used as a fishing expedition" to substantiate claims that lack plausibility. *Alberts v. BAC Home Loans Servicing, L.P.*, No. 11-6304-HO, 2012 WL 96570 at *1 (D. Or. Jan. 10, 2012). Plaintiff has offered nothing which shows that reconsideration of the dismissal of SDRL is warranted.

Lastly, the Court concludes that further amendment of the pleadings is improper. Plaintiff has previously filed or requested numerous amendments to the pleadings. (ECF Nos. 8, 27, 32, 38.) He has had one request to amend to add new defendants denied based on lack of plausible allegations and his subsequent request for reconsideration was also denied. (ECF No. 38, 71, 74, 77.) Plaintiff was not permitted leave to amend his claim against SDRL on the ground that amendment would be futile. (ECF No. 85, 89.) His claims against all but two Defendants have been dismissed based on the Court's resolution of multiple motions to dismiss and for summary judgment. (ECF Nos. 34, 36, 50, 51, 85, 89) The remaining Defendants have filed an answer. (ECF No. 90.) These facts place Plaintiff's request to amend squarely in the futility, prejudice, and prior amendment factors a court considers when deciding whether to permit leave to amend the pleadings. *Western Shoshone*

*Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). These factors here weigh sharply against permitting further amendment and the Court will not permit further amendment.

**B.     Appointment of Counsel**

Plaintiff moves for appointment of counsel once more under 28 U.S.C. §1915(e)(1). (ECF No. 107 at 2.) The instant request is related to Defendants' assertion that discovery information requested by Plaintiff is confidential material that should not be disclosed to Plaintiff because he is a current inmate. (*Id.*) Plaintiff has filed a motion for *in-camera* review to determine the validity of Defendants' argument, which is pending before Judge Stormes. (ECF No. 105.) Here, he claims that Judge Stormes cannot argue on his behalf in conducting the *in camera* review, which makes the case complex. (ECF No. 107 at 2.) The Court finds that Plaintiff has not shown he is entitled to a court order for appointment of counsel.

To warrant appointment of counsel, there must be a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted). This requires "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Singleton is unable to show a likelihood of success on the merits. He asserts that he has met the likelihood of success prong because if he is not entitled to see the confidential materials at issue in his motion for *in-camera* review, then a lawyer can do so because a lawyer makes an oath not to disseminate confidential information. (ECF No. 107 at 3.) It is unclear to the Court how this assertion satisfies the likelihood of success on the merits prong because it presupposes that his motion for *in-camera* review lacks merit, *i.e.* that the information designated as confidential has

been properly designated as such. Moreover, the likelihood of success on the merits prong concerns "the merits of *the case*," not the merits of a discrete litigation issue. *See Hoskins v. CMS* Med, No. 1:13–cv–00264–EJL, 2014 WL 869456, at *1 (D. Idaho Mar. 5, 2014) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). Plaintiff makes no argument regarding the likelihood of success on the merits of the case and the Court will not create one for him now.

Singleton fares no better on the legal complexity issue. He argues that he has satisfied the legal complexity prong because the "[D]efendants have made the legal issue complex by claiming their retaliatory documents are confidential and privileged." (ECF No. 107 at 3.) As an initial matter, this Court is not aware of a motion for appointment for counsel being granted solely with respect to the asserted complexity of a single motion. Even were that proper, as Judge Stormes and this Court have already observed, Mr. Singleton "has a good grasp of basic litigation procedure and has been able to adequately articulate his claims." (ECF No. 70 at 3; ECF No. 87.) Plaintiff has represented himself at least four previous times in this district, at least twice in the Northern District of California, at least three times in the Central District of California, and has appealed rulings to the Ninth Circuit on ten separate occasions. (*Id*. at 4 n.3.) When a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). With respect to Plaintiff's motion for *in-camera* review, Plaintiff's very filing of the motion reflects his knowledge regarding how to properly obtain information from an opposing party which he believes has been improperly designated as confidential. (ECF No. 105.) A review of that motion shows that Plaintiff is able to cogently articulate why he believes that he should either be permitted to see the document designated as confidential or receive a redacted copy. (*Id*. at 3.) Although he could fail on the merits, that possibility is not an exceptional circumstance warranting appointment of

counsel. Accordingly, the Court denies Singleton's request for appointment of counsel.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Singleton's requests for appointment of counsel and for leave to amend the pleadings or reconsideration of dismissal of SDRL. (ECF No. 107.)

**IT IS SO ORDERED.**

**DATED: May 18, 2018**

Hon. Cynthia Bashant
United States District Judge