UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KELVIN X. SINGLETON,**<br><br>Plaintiff,<br><br>v.<br><br>**SCOTT KERNAN, et al.,**<br><br>Defendants. | Case No.: 3:16-cv-02462-BAS-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 140]** |

Before the Court is plaintiff Kelvin X. Singleton's ("Plaintiff") motion for appointment of counsel. ECF No. 140. Plaintiff is incarcerated at the California State Prison, Sacramento, located in Represa, California. He is proceeding *pro se* and has filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents occurring while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. *See* ECF No. 32.

### I. BACKGROUND

In his first amended complaint, Plaintiff alleged that false rule violation reports were issued against him after he spoke out against RJD officers, and that

after he asserted the reports were false, he was subjected to retaliation and a larger conspiracy by RJD officials. ECF No. 32 at 3-11. Throughout the litigation, Plaintiff has filed various motions for appointment of counsel. He initially moved for appointment of counsel on August 28, 2017. ECF No. 65. On September 26, 2017, this Court denied Plaintiff's request because he failed to show the "exceptional circumstances" required to permit appointment of counsel under 28 U.S.C. §1915(e)(1). ECF No. 70. Plaintiff filed a motion for reconsideration of the denial of his first motion for appointment of counsel on October 10, 2017. ECF No. 83. Judge Bashant construed the motion as an objection to this Court's denial, and overruled it on the ground that there was no clear error. ECF No. 87. Plaintiff moved, a second time, for appointment of counsel on April 18, 2018. ECF No. 107. Judge Bashant denied Plaintiff's request, again for failure to show "exceptional circumstances." ECF No. 115 at 8-9. Plaintiff now moves, a third time, for appointment of counsel.

## II. PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff asks this Court to appoint counsel from the Court's pro bono panel. ECF No. 140. He argues that the Court should appoint counsel because he is in "imminent danger" relating to his medical issues; thus, this constant focus on his health renders it extremely difficult for him to prepare his case.[1] *Id.* at 3.

---

[1] To provide an additional reason for requiring the aid of counsel, Plaintiff requests that the Court take judicial notice of his memorandum of points and authorities in support of his April 2018 motion to appoint counsel. ECF No. 140 at 2 (*citing* ECF No. 107 at 2-3). There, he claimed that the potential for an *in camera* review of discovery by the Court made the case complex, thus making counsel necessary. ECF No. 107 at 2. A court may judicially notice a fact not subject to reasonable dispute in that it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff's legal arguments in support of a prior motion to appoint counsel do not qualify for judicial notice. Additionally, *in camera* review is complete, rendering Plaintiff's argument moot. ECF No. 129. Plaintiff's request for judicial notice is **DENIED**, and this Court will only address the arguments set forth in the instant motion.

In support, Plaintiff asserts that the side effects from his medication include confusion, lethargy, headaches, dizziness, and loss of appetite, which inhibit his ability to prepare pleadings and prepare for trial. *Id*. at 3-4, 7, 9. He also notes that attending multiple specialist appointments compounds his need for counsel. *Id*. at 1.

### III. DISCUSSION

#### A. Legal Standard

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But, they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

#### B. Likelihood of Success on the Merits

Plaintiff's request for appointment of counsel does not address his likelihood of success on the merits. He does assert that the Defendants cannot prevail on their summary judgment motion because genuine issues of material fact exist and offers

an improperly executed declaration of another inmate.[2] ECF No. 140 at 2. Bald assertions that claims are meritorious without any supporting evidence fail to satisfy the first factor of the *Wilborn* test. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding that the likelihood of success was not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). More is required to demonstrate the likelihood of success, such as surviving a motion for summary judgment. *See, e.g., Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). There are motions for summary judgment currently pending. Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

### C. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's first amended complaint, other pleadings, and various motions, and finds that the issues he raises are not complex; the Court understands Plaintiff's claims and the relief sought.

As this Court observed previously, Plaintiff demonstrates a good grasp on litigation procedure, as evidenced by his pleadings, motions, and other submissions,

---

[2] Even if the declaration of Marquise Loftis ("Loftis") was properly signed or executed, it fails to provide any evidence of Plaintiff's likelihood of success. The declaration merely states that Loftis agreed to testify on Plaintiff's behalf, and that he had personal knowledge that Officer Sanchez often denied friendly witnesses at hearings. ECF No. 140 at 14. This provides no insight or argument as to Plaintiff's ultimate success on the merits.

as well as his prior history as a litigant. ECF No. 70 at 3; ECF No. 87; ECF No. 115. Plaintiff has represented himself in district court on no less than nine occasions and has appealed rulings to the Ninth Circuit on at least ten separate occasions. ECF No. 70 at 4 n.3.

Further, Plaintiff has not submitted any medical records to support his diagnosis and has not submitted any documents, such as a treating physician's notes, to demonstrate the effects of his diagnosis on this case.[3] Plaintiff provided the Court with only internet research regarding Polycythemia Vera ("PV"), which lists causes, risk factors, symptoms, and treatment, as well as internet research regarding a medication called Hydroxyurea. ECF No. 140 at 7-13. By presenting generic internet print outs, and no concrete medical records, Plaintiff has not adequately shown that his medical condition requires appointment of counsel. *See Meeks v. Nunez*, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (denying appointment of counsel when plaintiff submitted a document asserting a mental impairment signed by a forensic psychologist, but failed to submit actual medical records).

Plaintiff offhandedly mentions that he seeks counsel so he can "attempt to maintain his physical *and mental health*." ECF No. 140 at 1 (emphasis added). Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an "incapacitating mental disability" and the plaintiff "must present substantial evidence of incompetence." *Meeks*, 2017 WL

---

[3] However, medical records may not support appointment of counsel if there are no exceptional circumstances. *See Martinez v. Beard*, No. 13-CV-1457-BTM (WVG), 2015 WL 2384129, at *5 (S.D. Cal. May 19, 2015) (declining to appoint counsel even after an *in-camera* review of Plaintiffs medical records); *accord Farley v. Kernan*, No. 16-CV-188-LAB (BGS), 2017 WL 412259, at *2 (S.D. Cal. Jan. 31, 2017) (denying appointment of counsel in a habeas case even though petitioner presented comprehensive medical records).

476425, at *3. Here, Plaintiff has not submitted any information, beyond an offhand phrase, to demonstrate a mental impairment that would qualify as incapacitating. *See id.*; *West v. Dizon*, No. 2:12-CV-1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014).

While the Court is sympathetic to Plaintiff's medical issues, there is no indication that they render him incapable of articulating his claim, which he has and continues to articulate cogently. Based on the filings to date, Plaintiff appears to be able to adequately present his claims; without more, the Court cannot find that his conditions require appointment of counsel. *See Jones v. Frazesn*, No. 2:07-cv-02769 RCT, 2009 WL 1532133, at *1 (E.D. Cal. June 1, 2009) (finding no exceptional circumstance when plaintiff claimed his pain medication impaired his ability to read and write); *see also McKenzie v. Casillas*, No. 12CV1602-BEN (RBB), 2013 WL 1628967, at *5 (S.D. Cal. Apr. 16, 2013) (denying appointment of counsel where plaintiff failed to demonstrate how his physical condition impaired his ability to proceed pro se). The Court finds that Plaintiff is sufficiently able to articulate his claims *pro se* given the complexity of the issues involved, leaving the second *Wilborn* factor unsatisfied.

## IV. CONCLUSION

For the foregoing reasons, the Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel is **DENIED,** without prejudice. .

**IT IS SO ORDERED**.

Dated: November 2, 2018

_____
Hon. Nita L. Stormes
United States Magistrate Judge

6

3:16-cv-02462-BAS-NLS