UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, CDCR #H-86959, <br><br> Plaintiff, <br><br> v. <br><br> G. HERNANDEZ, <br><br> Defendant. | Case No. 16-cv-02462-BAS-NLS <br><br> **ORDER GRANTING MOTION AND APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** <br><br> **[ECF No. 171]** |

Kelvin X. Singleton ("Plaintiff"), a prisoner proceeding *in pro se* and *in forma pauperis*, and who is currently incarcerated at California State Prison – Los Angeles County ("LAC") in Lancaster, California, brought this civil rights action in September 2016 pursuant to 42 U.S.C. § 1983. Following dispositive motions practice, Plaintiff moves for appointment of counsel. (ECF No. 171.) For the reasons herein, the Court grants Plaintiff's present request.

## BACKGROUND

On February 15, 2019, the Court approved and adopted Magistrate Judge Nita L. Stormes's Report and Recommendation on cross-motions for summary judgment, and granted in part and denied in part Defendants' motion. (*See* ECF No. 158.) As a result, only Plaintiff's First Amendment retaliation claim against Defendant G. Hernandez

1

remains for trial. (*See id.* at 56.) On May 9, 2019, Judge Stormes held a mandatory settlement conference, but the case did not settle. (*See* ECF Nos. 165, 169.) In the meantime, Plaintiff has submitted a motion requesting the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) to represent him in the upcoming trial. (*See* ECF No. 171.)

**DISCUSSION**

Although there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Although Plaintiff has so far demonstrated an ability to articulate his claims and to partially survive summary judgment while proceeding without counsel, his likelihood of success on the merits—at least with respect to his First Amendment claim as to Defendant Hernandez—has increased as a result of the Court's February 15, 2019 summary judgment Order. *Cf. Garcia v. Smith*, No. 10-cv-1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

In light of the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has requested volunteer pro bono counsel for the purpose of representing Plaintiff for trial and during any further proceedings before the Court in this case under the provisions of this Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596. The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary

judgment has been denied." *See* S.D. Cal. Gen. Order 596. Plaintiff qualifies for a pro bono referral under the Plan because he is an indigent prisoner, and summary judgment had been partially denied. (*See* ECF Nos. 5, 158.) Thus, because the Court finds the ends of justice would be served by the appointment of pro bono counsel under the circumstances, it referred Plaintiff's case to a volunteer attorney on the Court's Pro Bono Panel. On May 24, 2019, the volunteer attorney agreed to represent Plaintiff on a pro bono basis during the course of all further proceedings before this Court for this case. *See* S.D. Cal. Gen. Order 596.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 171) and **APPOINTS** Abbas Kazerounian Esq., SBN 249203, Kazerouni Law Group, APC, 245 Fischer Avenue, Unit D1, Costa Mesa, California, 92626, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible and in light of Plaintiff's incarceration at LAC, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2.[1]

---

[1] Plaintiff is cautioned, however, that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit Plaintiff an attorney of his choosing, or guarantee him any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792,

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Kazerounian with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED.**

**DATED: May 28, 2019**

Hon. Cynthia Bashant
United States District Judge

---

793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").