# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>                        Plaintiff,<br>   v.<br>G. HERNANDEZ,<br><br>                       Defendant. | Case No. 16-cv-02462 BAS-NLS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TRANSCRIPTS**<br><br>**[ECF No. 226]** |

      Plaintiff Kelvin X. Singleton, a California state prisoner, sued Lieutenant Hernandez for violating his civil rights pursuant to 42 U.S.C. § 1983. A jury trial was held, and on February 5, 2020, the Court granted Defendant's Rule 50 motion and dismissed the action. (ECF Nos. 216, 219.) On February 18, 2020, Plaintiff filed a Notice of Appeal.[1] (ECF No. 222.) Thereafter, Plaintiff filed a Motion for Transcripts, seeking transcripts from the hearing on the motions in limine, the final pretrial conference, and the trial itself. (*See* Mot., ECF No. 226)

      Litigants proceeding in forma pauperis status may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir.1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991) (reviewing for an abuse of discretion and noting that "[p]roduction of the transcript at government expense for an appellant in forma pauperis in a civil case is proper under 28 U.S.C. § 753 if a trial judge certifies that the appeal is not frivolous and presents a

---

[1] Plaintiff was represented by counsel in his trial. However, Plaintiff reverted to *pro se* status upon filing his Notice of Appeal. (*See* ECF No. 222.)

substantial question"). To rule on such a motion, a district court must consider 28 U.S.C. 1915(c) in addition to 28 U.S.C. § 753(f):

> . . . the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c). If "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[,]" the court may order the government to pay for the required transcripts. 28 U.S.C. § 753(f). However, this request should not be granted unless the appeal presents a "substantial question." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). "Doubts about substantiality of the questions on appeal and the need for a transcript to explore them should be resolved in favor of the petitioner." *Lee v. Habib*, 424 F.2d 891, 905 (D.C. Cir. 1970).

Plaintiff submitted a declaration in support of his Motion explaining the relevance of the transcripts to the substantial questions he seeks to raise on appeal. (*See* ECF No. 226.) Based on the Court's review of the declaration and its familiarity with this case, the Court finds that the appeal is not frivolous and the transcripts requested are necessary to decide the issues presented. As such, the Court **GRANTS** Plaintiff's Motion and authorizes the production of the reporter's transcripts at government expense for the Final Pretrial Conference and the hearing on the Motions in Limine, jointly held on December 18, 2019, and for the jury trial on February 4, 2020 and February 5, 2020.

**IT IS SO ORDERED**.

**DATED: March 12, 2020**

Hon. Cynthia Bashant
United States District Judge

- 2 -

16cv2462